*Bowling Green (Village) v. C. H. & D. Ry. Co.

1. Ordinances Attached to Petition.

Ordinances attached to a petition, under sec. 5085, Rev. Stat., form no part of the petition and a demurrer on the ground of defects in the ordinances is not well taken.

2. Proof of Notice to Railroad Company.

Notice to a railroad company, under sec. 2496, Rev. Stat., to light its tracks, served by sending a registered letter and with proof of the written receipt of the addressee, sustained.

3. When Misnomer is Immaterial.

Such notice to the proper officer by the name of C., H. & D. Railway, instead of Railroad, is an immaterial misnomer.

4. Cost of Electric Lighting.

Municipal corporations may, under sec. 2497, Rev. Stat., recover the cost and expense of lighting by electricity, though its use for such purposes was not specifically contemplated by the law in question.

Day, J.

This case and that against the T. C. & C. Ry., considered together, are similar except as to one question, a misnomer in the former.

The plaintiff, the village of Bowling Green, brought suit against the railroad company to recover amounts claimed by the village on account of lighting the track of the railroad company at the crossing of certain streets in the village. Allegations deemed sufficient to show liability against the railroad were made in the petition, and the ordinances providing for the lighting and the assessment of th expense against the company were copied bodily into the petition.

---

*The judgment of the circuit court in this case was affirmed by the Supreme Court in 57 O. S., 336, the latter court holding village had authority to require the lighting, fix the kind of light and lamp, and that the regulation as to hours was sufficiently definite, and, also, that a lighting company operating in a city or village is bound to furnish lights at reasonable and impartial prices.

The defendant, Railroad Co., promptly attacked the works of the village by motion to compel plaintiff to strike out of its petition the copy of the ordinances incorporated therein, and to make it definite and certain in other respects. This motion was sustained and an amended petition was filed in which a copy of the ordinances, by order of the court in sustaining this motion, were left out; but copies of the ordinances were attached and filed with the petition and referred to as exhibits but not made part of the petition. A motion to strike out of the amended petition allegations deemed to be immaterial, was overruled by the court. A second motion was presented for that purpose. This motion should have been sustained in part, at least, but the overruling of the motion was not prejudicial in any material degree and therefore not a fatal error.

The next charge against the amended petition was by way of a general demurrer which, on consideration, was sustained. Plaintiff not desiring to further amend, there was judgment on the demurrer dismissing the plaintiff's petition and rendering judgment for costs against it, and this action of the court dismissing the petition, and rendering judgment for costs is assigned for error and a petition in error is filed in this court to reverse that judgment.

The only question presented is as to the sufficiency of the petition. Does the amended petition state a cause of action against the defendant railroad company? There is no doubt but that the council of a municipal corporation has a legal right to require the lighting of a railroad track at a street crossed by a railroad, and if the company neglects to fulfil the requirements, the village may erect the necessary lamps and fixtures and furnish the light at the expense of the railroad company, and collect it by suit if necessary. This is to be done by furnishing the light according to the terms of the statute and the Supreme Court has held its provisions to be constitutional. Municipal corporations can require the track of a railroad to be lighted at the expense of the railroad company. Sec. 2494 of the Rev. Stat. authorizes councils to pass an ordinance, if necessary, requiring a person or corporation or association owning or operating a railroad in a municipal corporation to light such railroad within a specified time.

Section 2495, Rev. Stat., provides the ordinance shall specify the manner of lighting, the number or style of lamp posts and lamp and the time the lamps shall be kept lighted. Sec. 2496 requires notice of requirement to light, that is, of the passage of the ordinance declaring the necessity of lighting these crossings to be served upon the company twenty days before the railroad company shall be considered in default, and this notice may be given by delivering to any person having supervision or charge of the railroad to be lighted a copy of the ordinance. Sec. 2497 provides if the person or company operating such railway fail or neglect to light it for twenty days after notice served as provided in the preceding section, the council may at once cause the lighting to be done at the expense of the person or company operating the railroad. Sec. 2498 authorizes the council to direct the manner in which the expense of lighting shall be assessed and collected, provided that when assessed it shall be a lien which may be enforced as other liens are.

The amended petition avers these facts, and the demurrer admits the truth of the averments, that the defendant company, C. H. & D. R. R. Co., is a corporation operating a railroad within the corporate limits of Bowling Green; that in December, 1891, the council duly passed an ordinance (the title of which ordinance is copied into the petition and a copy of the ordinance itself is attached and filed with the petition and marked "Exhibit A"), requiring the defendant company to light portions of its tracks within the corporate limits with electric lights placed at different points named, the posts, lamps and attachments to be similar in all respects to lamps now used by the village in lighting; directing how many hours lights should burn, time when the light should commence; and that on January 9, 1892, a copy of this ordinance was served on one C. Neilson, who had charge and management of the railroad to be lighted; that the defendant refused and neglected to comply with the reasonable requirements of this

ordinance for more than twenty days after service was made upon it, and on March 1, 1892, the village caused the lamp posts to be erected and the track lighted at the points indicated at an expense of $202.05; that on the 8th of August, 1892, a second ordinance was duly passed assessing the expense against the defendant railroad company, and directing the city solicitor to collect from the defendant company.

There is an averment that there is due the plaintiff, the village of Bowling Green from the defendant railroad company, $202.05 with interest from the date mentioned, and a prayer for judgment. The petition contains a statement of every fact required by the statute to constitute a legal liability against the defendant. It is urged by the demurrant that the ordinances passed and attached to the petition as "Exhibits A and B" are part of the petition—formed part of the petition—(and this in the face of the fact that copies of the ordinances which were incorporated into and formed part of the original petition were struck out on a motion of counsel for defendant)that the ordinances are so incoherent and vague that they are void and form no proper basis upon which liability of the defendant can be predicated; and this criticism forms the main grounds of the attack on the petition. It must be confessed that in orderly arrangement, composition and syntax, the ordinances are not models of literary excellence, but we are of the opinion that, at this stage of the proceeding, they are not before the court, and their merits cannot be considered by the court. The Supreme Court of this state in *Larmore* v. *Wells*, 29 O. S., 13, held that copies of written instruments attached to and filed with the petition form no part of the pleading. Another decision is to the effect that if copies of written instruments other than for the unconditional payment of money or even such as may be copied and attached to and filed with a pleading (secs. 5085 and 5086), are included in the petition or in a pleading they will on motion be stricken out as improper, holding substantially that incorporation of copies of such instruments is an improper way of pleading and even when they are attached they form no part of the pleading and are to be disregarded.

If this conclusion is correct, it practically disposes of the demurrer adversely to the claim of the defendant as to the alleged defects of these ordinances. There were other propositions argued at the hearing which, perhaps with one or two exceptions could hardly be raised by demurrer but should be raised by motion to make more definite and certain. It was bravely argued that electric lighting was undiscovered in 1869 when this law was enacted, and therefore it could not have been the legislative intention to authorize councils of villages to require lighting by electricity; and that light by councils of municipalities under this law must be confined to tallow dips, oil and gas, and in this, I fear, the counsel have unintentionally done our solons injustice. These gentlemen who assemble annually or bi-annually as is now proposed, are all statesmen, and they not only have knowledge for the present but also any amount of prescience as to the future developments and discoveries which shall be made in the march of civilization and they make their laws applicable to fit the ever changing conditions of the race. I do not know how my brothers may feel upon the subject, but we must presume and hold that the legislature of 1869 in passing this law made it applicable to this case and intended under it that this company could be required to provide electric lighting in this village in 1892.

In the case first named Bowling Green village against the C. H. & D. R. R. Co., it is argued that there was a misnomer. In other words that the notice of the ordinance requiring the lighting, which must, under the provisions of the statute be served upon the company that is operating or controlling the track to be lighted, was not served on any official of the C. H. & D. R. R. Co., but that it appears from the allegation in the petition that it was served on a party who was an officer of the C. H. & D. R. R. Co., and that is true.

The averment in the petition is as follows:

Wood Circuit Court.

On or about January 9, 1892, a duly certified copy of said ordinance was served upon C. Neilson, the general superintendent of the C. H. & D. Ry. Co. being a person having charge and management of said track of railway required to be lighted, and it was served at Cincinnati, Ohio, by sending the same to him in a United States registered letter, which was placed in the postoffice at Bowling Green, addressed to C. Neilson, General Superintendent, C. H. & D. Ry. Co., Cincinnati, Ohio, and received by said C. Neilson, and that a written receipt by the clerk of said Neilson, as is provided by law was returned * * * * * when the motion was filed to strike out a section or two of this amended petition, then was an opportunity, the court had to perform its duty and strike out about three-quarters of this allegation in the petition and, in failing to do that, perhaps the court was in error, but, as said, it was not an error prejudicial to the defendant. But very much of this allegation is surplusage, very much is descriptive of the person, the party upon whom the notice was served.

Here is the substance of the averment which we have in the petition:

On or about January 9, 1892, a duly certified copy of said ordinance was served upon C. Neilson, a person having charge and management of said track of railroad required to be lighted. That was a sufficient averment. The statute requires that a copy of the ordinance requiring lighting shall be served upon the person having charge or management of the track of railway to be lighted. The averment is made here directly. The rule yet extant in matters of demurrer is that no matter if there be surplusage, or awkwardness in the pleading, if there can be fished therefrom the necessary fact, the demurrer is not to be maintained. We find in this case in that respect that the misnomer complained of is simply in the description of the office of person whom it is said had charge of the management of the track upon whom the notice was served. That makes it entirely immaterial. There are other criticisms that might be made of this pleading, but as I have said, the question could hardly be raised except by a motion to make more definite and certain. The averment is made that the company was required to light and to erect certain electric lights by causing one electric light to be placed at each of certain crossings, similar in all respects to those used by said village in lighting its street. The averment may be open to criticism that it is not a certain averment of any style of lamp. We think, however, there is a fair implication. There is no direct averment that there was a particular kind of lamp used in this village at the time the particular requirement was made. And though a motion to this probably ought to have been sustained, the fact is sufficiently implied as against a demurrer.

Now we think as against the general demurrer this petition states a cause of action, and if that conclusion is correct, then the court of common pleas was in error in sustaining the demurrer and dismissing the petition. We find in this it was in error and we reverse the judgment on that account, and this court entering the judgment that the court of common pleas should have rendered overrules the demurrer to the amended petition in both these cases and remands the cases to the court of common pleas for further proceedings. This will be at the costs of defendant in error, judgment for costs accordingly, execution awarded and a special mandate is ordered sent to the court of common pleas for execution for costs.

*B. B. Moone*, City Solicitor, and *Jas. O. Troup*, for plaintiff in error.

*R. D. Marshall & F. A. Baldwin*, for defendant in error.